# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WALTER OSWALDO GARCIA GARCIA<br>5005 Quincy St.<br>Bladensburg, MD 20710 | * <br> * <br> * <br> * |
| ANA HERNANDEZ<br>5305 Tilden Road<br>Bladensburg, MD 20710 | * <br> * <br> * <br> * |
| PEDRO ARMANDO GARCIA FELIPE<br>5355 Quincy Place<br>Hyattsville, MD 20784 | * <br> * <br> * <br> * |
| EVA E. RUANO COLINDRES<br>5110 54th Ave. Apt. #45<br>Hyattsville, MD 20781 | * <br> * <br> * <br> * |
| JOSÈ LUIS FLORES GUARDADO<br>6210 Fernwood Terrace Apt. 101<br>Riverdale, MD 20737 | * <br> * <br> * <br> * |
| ALEXANDER MARROQUIN<br>3527 56th Street<br>Hyattsville, MD 20784 | * <br> * <br> * <br> * |
| JOSE A. MALDANADO<br>6166 Princess Garden Parkway<br>Lanham, MD 20706 | * <br> * <br> * <br> * |
| EDGAR SANCHEZ MOANCO<br>3906 53rd Place Apt. 203<br>Hyattsville, MD 20784 | * <br> * <br> * <br> * |
| OSCAR OSWALDO IXRATA<br>3096 53rd Place Apt. 103<br>Hyattsville, MD 20784 | * <br> * <br> * <br> * |
| *On Behalf of Themselves and*<br>*All Others Similarly Situated* | * <br> * <br> * |
| **Plaintiffs,** | * <br> * |
| v. | *   Case No. _____ <br> * |

| | |
|---|---|
| UPTOWN HOLDINGS, LLC D/B/A | * |
| UPTOWN BAKERS | * |
|    Serve: State Dept. of Assessments | * |
|    and Taxation Room 801 | * |
|    301 W. Preston Street | * |
|    Baltimore, MD 21201 | * |
| | * |
| UPTOWN BAKE & BREW, LLC D/B/A | * |
| UPTOWN BAKERS | * |
|    Serve: HSC Agent Services, Inc. | * |
|    245 West Chase Street | * |
|    Baltimore, MD 21201 | * |
| | * |
| MICHAEL C. MCCLOUD | * |
|    5335 Kilmer Place | * |
|    Hyattsville, MD 20781 | * |
| | * |
|           Defendants. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Walter Oswaldo Garcia Garcia, Ana Hernandez, Pedro Armando Garcia Felipe, Eva E. Ruano Colindres, Josè Luis Flores Guardado, Alexander Marroquin, Jose A. Maldanado, Edgar Sanchez Moanco, and Oscar Oswaldo Ixrata (hereinafter collectively "Plaintiffs"), by and through their undersigned counsel, hereby submit this Complaint against Defendants, Uptown Holdings, LLC, Uptown Bake and Brew, LLC (hereinafter collectively referred to as "Uptown Bakers"), and Michael McCloud (hereinafter collectively "Defendants") for violations of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et. seq.* (hereinafter "FLSA") and the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq*. (hereinafter "MWHL").

### PARTIES AND JURISDICTION

1. Plaintiff Walter Oswaldo Garcia Garcia is over twenty-one years of age and a resident of the State of Maryland.

2. Plaintiff Ana Hernandez is over twenty-one years of age and a resident of the State of Maryland.

3. Plaintiff Pedro Armando Garcia Felipe is over twenty-one years of age and a resident of the State of Maryland.

4. Plaintiff Eva E. Ruano Colindres is over twenty-one years of age and a resident of the State of Maryland.

5. Plaintiff Josè Luis Flores Guardado is over twenty-one years of age and a resident of the State of Maryland.

6. Plaintiff Alexander Marroquin is over twenty-one years of age and a resident of the State of Maryland.

7. Plaintiff Jose A. Maldanado is over twenty-one years of age and a resident of the State of Maryland.

8. Plaintiff Edgar Sanchez Moanco is over twenty-one years of age and a resident of the State of Maryland.

9. Plaintiff Oscar Oswaldo Ixrata is over twenty-one years of age and a resident of the State of Maryland. The consents to participate as plaintiffs in a collective action for the following Plaintiffs are attached hereto as Exhibit A: Ana Hernandez, Pedro Armando Garcia Felipe, Eva E. Ruano Colindres, Josè Luis Flores Guardado, Alexander Marroquin, Jose A. Maldanado, and Edgar Sanchez Moanco.

10. Michael McCloud is an individual over twenty-one years of age and upon information and belief, is a resident of the State of Maryland.

11. Uptown Holdings, LLC is a corporation formed under the laws of the State of Maryland with its principal office in Vienna, Virginia.

12. Uptown Bake & Brew, LLC is a corporation formed under the laws of the State of Maryland with its principal office in Vienna, Virginia.

13. Uptown Holdings, LLC and Uptown Bake & Brew, LLC do business as "Uptown Bakers" and will be referred to collectively as such hereinafter. Uptown Holdings, LLC and Uptown Bake & Brew, LLC operate as joint employers, an enterprise, and a single integrated enterprise.

14. At all times relevant to this action – January 15, 2011 through the present – (hereinafter "Relevant Period") Uptown Bakers operated continuously as an industrial bakery in the State of Maryland. Uptown Bakers serves bread to restaurants and other corporate clients throughout the mid-Atlantic area.

15. At all times relevant, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA - 29 U.S.C. § 203(s)(l).

16. At all times relevant, Defendants qualified as an "enterprise" within the meaning of the FLSA - 29 U.S.C. § 203(r).

17. At all times relevant, Defendants employed two or more employees who handled goods that had previously moved through commerce.

18. At all times relevant, Defendants have had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

19. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 - Federal Question.

20.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

21.     At all times during Plaintiffs' employment periods, Michael McCloud was the owner of Uptown Bakers.

    a.     At all times during Plaintiffs' employment, Michael McCloud had the power to hire, fire, suspend, and otherwise discipline Plaintiffs.

    b.     At all times during the period of Plaintiffs' employment, Michael McCloud supervised the work duties of Plaintiffs (either directly or indirectly) to ensure their work was of sufficient quality.

    c.     At all times during the period of Plaintiffs' employment, Michael McCloud set and controlled the work schedule or had the power to set and the work schedule of Plaintiffs.

    d.     At all times during the period of Plaintiffs' employment, Michael McCloud set and determined the rate and method of pay or had the power to set and determine the rates and methods of pay of Plaintiffs.

    e.     At all times during the period of Plaintiffs' employment, Michael McCloud controlled, and was in charge of, the day-to-day operations of Uptown Bakers.

22.     Each and every named Plaintiff worked more than forty hours per week for numerous weeks - without receiving time and a half their regular rate for the hours they worked over forty.

23.     Plaintiffs and the FLSA Collective worked on either an hourly basis or a salary basis. Defendants would sometimes change an employee working on an hourly basis to a salary

basis and vice versa. Therefore, some Plaintiffs have worked as both an hourly employee and a salaried employee during the Relevant Period.

24. While working on a salary basis, Defendants paid Plaintiffs and the FLSA Collective a bi-monthly fixed salary, regardless of the number of hours that the Plaintiff worked in the work week. Plaintiffs would frequently work 60 to 70 hours per week. However, Defendants failed to pay Plaintiffs time and a half their regular rate for the hours Plaintiffs worked over forty.

25. While working on an hourly basis, Defendants often required Plaintiffs and the FLSA Collective to work over forty hours, without paying Plaintiffs time and a half their regular rate for the hours they worked over forty. Defendants paid certain hourly employees time and a half for the hours they worked over forty. However, this was the exception rather than the rule.

26. At no time did Plaintiffs, or the FLSA Collective, perform work that meets the definition of exempt work under the MWHL or FLSA.

27. Defendants' failure to pay Plaintiffs overtime, as required by the FLSA and the MWHL, was willful and intentional. This is evidenced by, among other things, the fact that Defendants continue to violate the FLSA and MWHL, even after they were sued for similar violations.

28. Mr. Walter Oswaldo Garcia Garcia worked in the packaging department for Uptown Bakers from August 15, 2009 to November 15, 2011, and from roughly May 16, 2013 until January 6, 2014. At different times, Defendants paid Mr. Garcia Garcia on an hourly basis and salary basis. Mr. Garcia Garcia worked over forty hours per week during the relevant period. Defendants failed to pay Mr. Garcia Garcia time and a half his regular rate for all hours he worked over forty in each workweek.

29. Ms. Ana Hernandez worked in the packaging and bakery departments for Uptown Bakers from roughly January 2012 to January 5, 2014. At different times, Defendants paid Ms. Ana Hernandez on an hourly basis and salary basis. Ms. Ana Hernandez worked over forty hours per week during the relevant period. Defendants failed to pay Ms. Ana Hernandez time and a half her regular rate for all hours she worked over forty in each workweek.

30. Mr. Pedro Armando Garcia Felipe worked in the packaging department for Uptown Bakers from roughly June 2007 until December 2012 and May 15, 2013 to January 5, 2014. At different times, Defendants paid Mr. Pedro Armando Garcia Felipe on an hourly basis and salary basis. Mr. Pedro Armando Garcia Felipe worked over forty hours per week during the relevant period. Defendants failed to pay Mr. Pedro Armando Garcia Felipe time and a half his regular rate for all hours he worked over forty in each workweek.

31. Ms. Eva E. Ruano Colindres worked in the packaging and other departments for Uptown Bakers from roughly August 16, 2011 until November 18, 2011 and May 1, 2013 until January 5, 2014. At different times, Defendants paid Ms. Eva E. Ruano Colindres on an hourly basis and salary basis. Ms. Eva E. Ruano Colindres worked over forty hours per week during the relevant period. Defendants failed to pay Ms. Eva E. Ruano Colindres time and a half her regular rate for all hours she worked over forty in each workweek.

32. Mr. Jose Luis Flores Guardado worked in the packaging department for Uptown Bakers from roughly February 16, 2011 until January 5, 2014. Defendants paid Mr. Jose Luis Flores Guardado on a salary basis. Mr. Jose Luis Flores Guardado worked over forty hours per week during the relevant period. Defendants failed to pay Mr. Jose Luis Flores Guardado time and a half his regular rate for all hours he worked over forty in each workweek.

33. Mr. Alexander Marroquin worked in the packaging and cleaning departments for Uptown Bakers from roughly June 8, 2008 until January 5, 2014. At different times, Defendants paid Mr. Alexander Marroquin on an hourly basis and salary basis. Mr. Alexander Marroquin worked over forty hours per week during the relevant period. Defendants failed to pay Mr. Alexander Marroquin time and a half his regular rate for all hours he worked over forty in each workweek.

34. Mr. Jose A. Maldanado Mendez worked in the bakery department for Uptown Bakers from roughly May 1, 2006 until December 31, 2013. At different times, Defendants paid Mr. Jose A. Maldanado Mendez on an hourly basis and salary basis. Mr. Jose A. Maldanado Mendez worked over forty hours per week during the relevant period. Defendants failed to pay Mr. Jose A. Maldanado Mendez time and a half his regular rate for all hours he worked over forty in each workweek.

35. Mr. Edgar Sanchez Molanco worked in the cleaning, warehouse and packaging departments for Uptown Bakers from roughly 2008 until November 2012 and July 20, 2013 until August 2, 2013. At different times, Defendants paid Mr. Edgar Sanchez Molanco on an hourly basis and salary basis. Mr. Edgar Sanchez Molanco worked over forty hours per week during the relevant period. Defendants failed to pay Mr. Edgar Sanchez Molanco time and a half his regular rate for all hours he worked over forty in each workweek.

36. Mr. Oscar Oswaldo Ixrata worked in the bakery department for Uptown Bakers from roughly 2010 until 2012 and January 2013 until December 28, 2013. At different times, Defendants paid Mr. Oscar Oswaldo Ixrata on an hourly basis. Mr. Oscar Oswaldo Ixrata worked over forty hours per week during the relevant period. Defendants failed to pay Mr.

Oscar Oswaldo Ixrata time and a half his regular rate for all hours he worked over forty in each workweek.

## OTHER PUTATIVE PLAINTIFFS

37. Plaintiffs are aware of other current and former employees of Defendants who are similarly situated and who should have the opportunity to "opt-in" to this action to assert their rights to unpaid overtime wages under the FLSA against Defendants.

38. Other putative plaintiffs that should be notified of their right to "opt-in" to this action include all current or past employees of Defendants at any time between January 15, 2011 through the present that who worked more than forty hours per week and were not paid time and a half for the hours that they worked over forty.

39. Plaintiffs have personal knowledge that other current or former employees of Defendants have not yet joined this action either (1) because they are not aware of their rights to receive minimum wages or overtime pay under the FLSA and MWHL or (2) because they are afraid that if they "opt-in" and assert their rights to overtime compensation under the FLSA and MWHL they will be retaliated against by Defendants.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

40. Plaintiffs reallege and reassert each and every above, as if each were set forth herein.

41. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees...for a workweek longer than forty (40) hours unless such employee receives

compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

42. Plaintiffs, and all others similarly situated, were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1).

43. Defendants were the "employer" of Plaintiffs and other similarly situated individuals under FLSA, 29 U.S.C. § 207(a)(2).

44. Defendants, as the employers for Plaintiffs and all others similarly situated, were obligated to compensate the Plaintiffs, and all other similarly situated individuals, at the overtime rate of one-and-one-half (1½) times their regular rate for all hours worked per week in excess of forty (40).

45. As set forth above, while in Defendants' employ, Plaintiffs, and all others similarly situated, worked many overtime hours.

46. As set forth above, while in Defendants' employ, Defendants failed and refused to compensate Plaintiffs, and all others similarly situated, at the FLSA required overtime rate equal to one-and-one-half (1½) times their regularly hourly rate for overtime hours worked each week.

47. Defendants' failure and refusal to pay Plaintiffs, and others similarly situated, as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Maryland Wage and Hour Law
### (Overtime)

48. Plaintiffs were "employees" and Defendants were Plaintiffs' "employers" within the meaning of MWHL.

49. As Plaintiffs' "employers," Defendants were obligated to pay Plaintiffs at the rate of one-and-one-half (1½) times their regular rates of pay for hours worked each week in excess of forty (40), as required by the MWHL.

50. While in Defendants' employ, Plaintiffs worked many overtime hours but were not properly compensated by Defendants for those overtime hours worked.

51. Overtime pay is due and owing to Plaintiffs under the MWHL.

52. Defendants' failure to pay Plaintiffs for overtime hours worked as required by the MWHL was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count II for unpaid overtime wages in such amounts as are proven at trial, plus interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster
Bar Number: 18339
Amster Law Firm, LLC
200-A Monroe Street, Suite 305
Rockville, MD 20850
Telephone: 240-428-1053
Fax: 301-424-8732
mamster@amsterfirm.com