IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| WALTER OSWALDO GARCIA GARCIA, *et al.*, on Behalf of Themselves and All Others Similarly Situated, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No.: PWG-14-129 |
| UPTOWN BAKE & BREW, LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Walter Oswaldo Garcia Garcia, Ana Hernandez, Pedro Armando Garcia Felipe, Eva E. Ruano Colindres, Jose Luis Flores Guardado, Alexander Marroquin, Jose A. Maldanado, Edgar Sanchez Moanco,[1] and Oscar Oswaldo Ixrata filed this action against their former employers, Uptown Holdings, LLC d/b/a Uptown Bakers, Uptown Bake & Brew, LLC d/b/a Uptown Bakers, and Michael C. McCloud, seeking damages for Defendants' alleged failure to pay proper overtime wages under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201–219, and the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 to 3-430. Before Defendants answered the complaint, the parties jointly moved for court approval of the settlement agreement they have executed. Having reviewed the Complaint, ECF No. 1, the parties' Joint Motion for Approval of Settlement Agreement and General Release and

---

[1] Plaintiffs Maldando and Moanco's last names are spelled Maldonado and Molanco in the parties' motion and the settlement agreement. Jt. Mot. 2; Sett. Agr. 1, ECF No. 20-2. Dina Mariela Najera Navas, Anabely Amelia Navarro Lopez, Agustin Quiroz Aleluya and Belman Salvatierra Hernandez have opted in and are parties to the settlement agreement. ECF Nos. 5 & 11. The Clerk is directed to add Agustin Quiroz Aleluya and Belman Salvatierra Hernandez as parties.

for Entry of Order Dismissing Case with Prejudice and supporting memorandum, ECF Nos. 20 & 20-1, and the Confidential Settlement Agreement and Release, ECF No. 20-2, I find that bona fide disputes exist regarding liability under the FLSA; the Confidential Settlement Agreement and Release, including the amount that Plaintiffs will receive, is a fair and reasonable resolution of those disputes; and the attorneys' fees are reasonable. *See Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

With regard to whether this settlement is fair and reasonable, I have evaluated several factors, including

> "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery."

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)). I note that the Confidential Settlement Agreement and Release contains a general release of claims beyond those specified in the Complaint. *See* Sett. Agr. § 3. A general release like this can render the agreement unreasonable. *See, e.g., Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (concluding that "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer" that "fails judicial scrutiny"); *McKeen–Chaplin v. Franklin Am. Mortg. Co.*, No. 10-5243, 2012 WL 6629608, at *3 (N.D. Cal. Dec. 19, 2012). But, if the employee is compensated reasonably for the release executed, the settlement can be accepted, and I am not required to evaluate the reasonableness of the settlement as to the non-FLSA claims. *See Saman*, 2013 WL 2949047, at *5 (citing *Robertson v. Ther-Rx Corp.*, No. 09-

1010-MHT, 2011 WL 1810193, at *2 (M.D. Ala. May 12, 2011); *Bright v. Mental Health Res. Ctr., Inc.*, No. 09-1010, 2012 WL 868804, at *2 (M.D. Fla. Mar. 14, 2012)). Plaintiffs' compensation under the Confidential Settlement Agreement and Release fairly compensates them for the general release executed.

As for attorneys' fees, I observe that the parties' supporting memorandum reallocates the compensation among Plaintiffs and counsel. The Confidential Settlement Agreement and Release provided for a total payment to Plaintiffs of $54,722,58 and attorneys' fees of $35,263.43. The memorandum changes the total payment to Plaintiffs to $65,722.56 and changes the attorneys' fees to $24,263.43 to "put Plaintiffs' attorney fees more closely in line with Plaintiffs' lodestar." Mem. 5 & 9–10. I find attorneys' fees of $24,263.43 to be fair and reasonable under the lodestar approach. *See Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992).

Accordingly, it is, this 5th day of November, 2014, hereby ORDERED that

1. The parties' Joint Motion for Approval of Settlement Agreement and General Release and for Entry of Order Dismissing Case with Prejudice, ECF No. 20, IS GRANTED;

2. The Confidential Settlement Agreement and Release, ECF No. 20-2, including the attorneys' fees provision, Sett. Agr. § 1.c, modified as stated in the parties' memorandum, such that the Plaintiffs will receive $65,722.56 and counsel will receive $24,263.43, Mem. 5 & 9, IS APPROVED;

3. This case IS DISMISSED WITH PREJUDICE.

Paul W. Grimm
United States District Judge

lyb